UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

EDWARD HORTON,

Plaintiff,

v.

OREMOR EUROPEAN, LLC, dba Mercedes-Benz of El Cajon,

Defendant.

Case No.: 25-CV-2607 JLS (MMP)

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS AND STAYING ACTION PENDING ARBITRATION**

(ECF No. 17)

Presently before the Court is Defendant Oremor European, LLC's ("Defendant") Motion to Dismiss or in the Alternative Stay Action ("Mot.," ECF No. 17) and supporting Memorandum of Points and Authorities ("Mem.," ECF No. 17-1), as well as Plaintiff Edward Horton's Opposition thereto ("Opp'n," ECF Nos. 13, 21) and Defendant's Reply in support thereof ("Reply," ECF No. 25). The Court took the matter under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1). *See* ECF No. 26. Having carefully reviewed Plaintiff's First Amended Complaint ("FAC," ECF No. 10), the Parties' arguments, and the law, the Court **GRANTS IN PART AND DENIES IN PART** the Motion.

**BACKGROUND**

This action arises from a January 14, 2023, vehicle transaction at Defendant's Mercedes-Benz dealership in El Cajon, California. Plaintiff Edward Horton ("Plaintiff"), proceeding pro se, is an elderly veteran residing in Washington, Utah. FAC ¶ 1. Plaintiff alleges that while visiting Defendant's dealership for routine service on his 2021 Mercedes-Benz Sprinter Van, Defendant's sales representative told him that a foreign object had been left in the engine and that repairs would take approximately two weeks. *Id.* ¶ 3. Plaintiff further alleges that Defendant refused to provide a loaner vehicle, that he became disoriented after taking prescription medication, and that Defendant's agent thereafter coerced him into purchasing a 2023 Mercedes-Benz Sprinter Van. *Id.* ¶¶ 4–8. Plaintiff also alleges that Defendant misrepresented the vehicle's purchase price and monthly payments and falsified Plaintiff's credit application without his knowledge. *Id.* ¶¶ 13–15, 32.

On July 12, 2024, Plaintiff filed a substantially similar complaint in San Diego Superior Court against Defendant. Mem. at 2; *see also* Mot., Ex. 1. On September 10, 2024, Defendant moved to compel arbitration in the state court action, arguing that the Retail Installment Sale Contract ("RISC") Plaintiff signed contained a valid and enforceable binding arbitration provision. Mot., Ex. 2. On March 21, 2025, the San Diego Superior Court granted Defendant's Motion to Compel Arbitration and stayed the state court action pending completion of binding arbitration before National Arbitration and Mediation ("NAM"). Mot., Exs. 3–4. Following withdrawal of his counsel from the state court action, Plaintiff filed the instant action on October 2, 2025. *See* ECF No. 1. On December 1, 2025, Plaintiff filed the operative First Amended Complaint, asserting five causes of action arising entirely under California law: (1) violation of the Consumer Legal Remedies Act, Cal. Civ. Code § 1750 et seq.; (2) financial elder abuse in violation of the Elderly and Dependent Adult Civil Protection Act, Cal. Welf. & Inst. Code § 15600 et seq.;

(3) violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 et seq.; (4) fraud; and (5) violation of California Vehicle Code § 11711. FAC at 1.[1]

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted." To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557).

Though this plausibility standard "does not require 'detailed factual allegations,' . . . it [does] demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555). In other words, a complaint will not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (alteration in original) (quoting *Twombly*, 550 U.S. at 557). Put differently, "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

Review under Rule 12(b)(6) requires a context-specific analysis involving the Court's "judicial experience and common sense." *Iqbal*, 556 U.S. at 679. In performing

---

[1] On January 31, 2024, Plaintiff received a Chapter 7 bankruptcy discharge in the United States Bankruptcy Court for the District of Utah, Case No. 23-24861. *See* ECF No. 14. Plaintiff subsequently filed a Notice of Bankruptcy on the 2023 Sprinter Van in this action, asserting that the bankruptcy discharge bars Defendant from pursuing arbitration. *See id.* Plaintiff's argument is unavailing. The bankruptcy discharge released Plaintiff from personal liability for debts owed to creditors, it did not extinguish Plaintiff's own affirmative tort and fraud claims against Defendant. Plaintiff's five causes of action are offensive claims seeking damages from Defendant, not defensive claims against a debt. The discharge injunction under 11 U.S.C. § 524 accordingly does not bar the arbitration of Plaintiff's claims.

that analysis, "a district court must accept as true all facts alleged in the complaint, and draw all reasonable inferences in favor of the plaintiff." *Wi-LAN Inc. v. LG Elecs., Inc.*, 382 F. Supp. 3d 1012, 1020 (S.D. Cal. 2019). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (second alternation in original). If a complaint does not survive Rule 12(b)(6), a court grants leave to amend unless it determines that no modified contention "consistent with the challenged pleading could . . . possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

## DISCUSSION

### I. *Colorado River* Abstention

Defendant moves to dismiss or stay this action pursuant to the *Colorado River* abstention doctrine, arguing that the pending state court proceedings warrant this Court declining to exercise its jurisdiction. Mot. at 4–11. Plaintiff responds that *Colorado River* does not apply because: (1) the NAM arbitration has been dismissed without prejudice, *see* ECF No. 21 at 2; (2) the federal and state proceedings involve different vehicles, the 2021 and 2023 Sprinter Vans respectively, and are therefore not parallel, *see* Opp'n, ECF No. 13 at 3; and (3) Plaintiff's bankruptcy discharge renders the federal forum the proper venue for his claims, *see* ECF No. 21 at 1.

Under *Colorado River*, a federal court may, in exceptional circumstances, decline to exercise its "virtually unflagging obligation" to exercise jurisdiction when there are concurrent parallel state court proceedings involving the same matter. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). This doctrine applies only in "exceedingly rare" circumstances, and any doubt as to whether an abstention factor exists should be resolved against a stay, not in favor of one. *Seneca Ins. Co. v. Strange Land, Inc.*, 862 F.3d 835, 841–42 (9th Cir. 2017) (citation omitted). Courts weigh eight factors to determine whether a *Colorado River* stay is justified:

/ / /

> (1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court.

*Montanore Minerals Corp. v. Bakie*, 867 F.3d 1160, 1166 (9th Cir. 2017). These "factors are not a 'mechanical checklist'" and must be applied "in a pragmatic, flexible manner" with the balance heavily weighted in favor of exercising jurisdiction. *Ernest Bock, LLC v. Steelman*, 76 F.4th 827, 836 (9th Cir. 2023) (citation omitted). "Any doubt as to whether a factor exists should be resolved against a stay." *Seneca*, 862 F.3d at 842 (internal quotation marks and citation omitted).

The Court addresses each factor in turn.

(1) "Which court first assumed jurisdiction over any property at stake" is neutral. Neither court has assumed jurisdiction over a specific res, and there is no risk of inconsistent dispositions of property. *Id.*

(2) "Inconvenience of the federal forum" is neutral. Both the San Diego Superior Court and this Court are located in San Diego County. Neither forum presents a meaningful inconvenience to either party.

(3) "The desire to avoid piecemeal litigation" weighs in favor of a stay. Plaintiff filed substantially similar claims in San Diego Superior Court on July 12, 2024, more than a year before initiating this federal action. Both proceedings involve the same parties, the same January 14, 2023, vehicle transaction, and the same California law claims. Allowing both proceedings to continue simultaneously risks duplicating judicial efforts and reaching inconsistent results. *See Montanore*, 867 F.3d at 1167.

(4) "The order in which the forums obtained jurisdiction" weighs strongly in favor of a stay. Plaintiff filed in San Diego Superior Court on July 12, 2024. He did not file in

this Court until October 2, 2025, more than fourteen months later. By the time Plaintiff initiated this federal action, the state court had already ruled on Defendant's motion to compel arbitration and stayed the state court proceedings pending arbitration. *See* Mot., Exs. 3–4. The state court obtained jurisdiction first and made substantially more progress. *Montanore*, 867 F.3d at 1168.

(5) "Whether federal or state law provides the rule of decision" is neutral. Plaintiff's claims arise entirely under California law. However, the presence of state law issues favors abstention only in rare circumstances where the legal questions are complex and better resolved by a state court. *Seneca*, 862 F.3d at 844. Plaintiff's claims, brought under the Consumer Legal Remedies Act, the Elderly and Dependent Adult Civil Protection Act, the Unfair Competition Law, and common law fraud, while exclusively state law, present routine consumer protection issues that this Court is fully capable of deciding. This factor is therefore neutral.

(6) "Whether state court proceedings can adequately protect the rights of the federal litigants" weighs in favor of a stay. Plaintiff asserts only California state law claims. California courts and the NAM arbitration forum are fully competent to adjudicate those claims and provide the relief Plaintiff seeks. Plaintiff has identified no federal right that the state forum is incapable of protecting. *See Montanore*, 867 F.3d at 1169.

(7) "The desire to avoid forum shopping" weighs in favor of a stay. Plaintiff's own attorney filed this action in San Diego Superior Court in July 2024. After the state court compelled his claims to arbitration, Plaintiff discharged his attorney and refiled in this Court. Filing in federal court after an unfavorable ruling in state court is precisely the conduct *Colorado River* is designed to discourage. *Id.* at 1170; *Seneca*, 862 F.3d at 846.

(8) "Whether the state court proceedings will resolve all issues before the federal court" weighs in favor of a stay. This factor asks whether there is substantial doubt that the parallel state proceedings will fully resolve the federal action. *See Ernest Bock*, 76 F.4th at 838. Exact parallelism is not required; it is enough that the proceedings are substantially similar. *Montanore*, 867 F.3d at 1170. Here, the state and federal actions

involve the same parties, the same transaction, and the same California law claims. Unlike *Intel Corp. v. Advanced Micro Devices, Inc.*, 12 F.3d 908, 912–13 (9th Cir. 1993), where the federal copyright claims were legally distinct from the state court's arbitration review proceedings such that substantial doubt existed, the state and federal actions here are based on identical claims arising from an identical transaction. The state court retains jurisdiction over the stayed proceeding and arbitration is ongoing. *See* Mot., Exs. 3–4. Accordingly, the Court finds no substantial doubt that the state proceedings will fully resolve this action.

On balance, five of the eight *Colorado River* factors favor a stay and three are neutral. No factor weighs against a stay. The balance weighs in favor of a stay. *See Ernest Bock*, 76 F.4th at 836. When *Colorado River* abstention is appropriate, the Ninth Circuit requires a stay rather than dismissal to ensure the federal forum remains available if the state proceedings prove inadequate. *See Montanore*, 867 F.3d at 1170; *Attwood v. Mendocino Coast Dist. Hosp.*, 886 F.2d 241, 243 (9th Cir. 1989). Accordingly, Defendant's request to stay is **GRANTED** and this action is **STAYED** pending completion of the state court and arbitration proceedings. Defendant's request to dismiss is therefore **DENIED**.

## CONCLUSION

In light of the foregoing, the Court **GRANTS IN PART AND DENIES IN PART** Defendant's Motion (ECF No. 17). The Court **GRANTS** Defendant's alternative request for a stay and **DENIES WITHOUT PREJUDICE** Defendant's Motion to the extent it seeks dismissal under Federal Rule of Civil Procedure 12(b)(6). This action is **STAYED** pending completion of the parallel state court proceedings. The Parties **SHALL FILE** a joint status report within twenty-one (21) days after the state court proceedings have concluded. The joint status report **SHALL INCLUDE** specific proposals as to how the Parties wish to proceed with the case.

**IT IS SO ORDERED.**

Dated: July 24, 2026

Janis L. Sammartino

Hon. Janis L. Sammartino
United States District Judge